UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CLIFTON VALENTIUS HOLIDAY,  )
                            )
           *Petitioner,*    )
                            )  Cause No. 3:16-cv-367 RLM
     v.                     )  (Arising out of 3:14-cr-67)
                            )
UNITED STATES OF AMERICA,   )
                            )
           *Respondent.*    )

OPINION AND ORDER

Petitioner Clifton Valentius Holiday pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g), and was sentenced on the basis of having previously committed two felony crimes of violence, U.S.S.G. § 2K2.1(a)(2). This matter is before the court on Mr. Holiday's motion to vacate and correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Holiday's motion.

I. BACKGROUND

Mr. Holiday admitted to illegally possessing a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). While investigating a reported fight, police found Mr. Holiday, his brother, his long-term girlfriend and their two small children, a handgun, drugs, and drug paraphernalia. Mr. Holiday's two relevant prior convictions are for felony residential entry and felony battery resulting in serious bodily injury.

The possession charge carries a maximum prison sentence of ten years. § 922(g). After the court found that the felony residential entry conviction is a "crime of violence" as defined in § 4B1.2(a) of the Federal Sentencing Guidelines, Mr. Holiday went from a base offense level of 20 to 24. U.S.S.G. § 2K2.1(a)(2). Mr. Holiday didn't object to the classification of felony residential entry as a "crime of violence." The government recommended a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. The recommended sentence range was 84 to 105 months. The court sentenced Mr. Holiday to 84 months in prison followed by two years of supervised release.

As part of his plea agreement, Mr. Holiday agreed to the following waiver:

> I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. *With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel* unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Pet. to Enter a Guilty Plea [Doc. No. 19], ¶ 9(d) (emphasis added).

Magistrate Judge Christopher Nuechterlein conducted the change of plea hearing. He specifically drew Mr. Holiday's attention to the appeal waiver. He read the italicized portion of the previous text to Mr. Holiday and explained:

> Now, earlier, I said that, if you went to trial and if you were found guilty at trial, you could appeal your conviction, with the assistance of counsel. But what you're doing here in your plea agreement, in that very provision I read to you, is you're giving up that right, so now, as it says, you will not be able to appeal or to contest, to any Court, on any ground, your conviction.

The magistrate judge then asked Mr. Holiday if he understood, to which Mr. Holiday responded, "Yes." The magistrate judge then said, "All right. That's important." Change of Plea Hearing Tr. [Doc. No. 45], 14.

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B) (emphasis added). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend.

3

V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The definition of "crime of violence" in § 4B1.2(a) of the Guidelines is identical to the definition of "violent felony" in the ACCA. Mr. Holiday argues that criminal recklessness doesn't fall within the first two clauses of Guidelines § 4B1.2(a), so the only remaining route for it to be a "crime of violence" is through the residual clause.

He argues that the residual clause of § 4B1.2(a), like that of the ACCA, is unconstitutionally vague under Johnson.[1] Mr. Holiday wants the court to retroactively apply Johnson to the Guidelines provision used to enhance his sentence so that once the residual clause defining "crime of violence" in the Guidelines is thrown out, his residential entry conviction won't qualify as a "crime of violence" and so he must be resentenced. Mr. Holiday filed a petition under 28 U.S.C. § 2255 within one year of the Johnson opinion.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to

---

[1] While Mr. Holiday awaited this order, the court of appeals held that the parallel residual clause of the Guidelines violates the Due Process Clause because it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." United States v. Hurlburt, No. 15-1686, 2016 WL 4506717, at *3 (7th Cir. Aug. 29, 2016) (quoting Johnson, 135 S. Ct. at 2556).

4

collateral attack. 28 U.S.C. § 2255(a). Mr. Holiday properly filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015) and "made retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016). § 2255(f)(3).

Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on direct appeal can still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Holiday's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

### III. Discussion

The court can't reach the merits of Mr. Holiday's petition because the appeal waiver prevents him from raising them.

"We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Holiday's appeal waiver was knowing and voluntary. He stated during the change of plea hearing that he read and understood that he was giving up his right to appeal or otherwise challenge his sentence. These sworn statements at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver says that by pleading guilty, Mr. Holiday waives his right to collaterally attack his sentence with a § 2255 petition "on any ground." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims

ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or "deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

Mr. Holiday argues that the court relied on a constitutionally impermissible factor in sentencing: the consideration of residential entry as a "crime of violence." In the same way a judge can't look to the race of the defendant as a factor in sentencing, her says, under Johnson a judge can't look to whether the defendant committed a "crime of violence" based on the residual clause. The former violates the defendant's right to equal protection and the latter violates due process.

The problem with this argument is that the "constitutionally impermissible factor" exception would only come into play if it was unconstitutional for the court to consider Mr. Holiday's prior conviction for residential entry at all. The fact of the prior conviction is a perfectly permissible consideration, even if Mr. Holiday is correct that its label as a "crime of violence" is unconstitutional. The fact of the defendant's race, in contrast, is never a permissible consideration.

Building the manner in which the court characterizes a fact that is perfectly constitutional for consideration into the "constitutionally impermissible factor" exception would undercut most § 2255 waivers. *See* United States v. Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) ("Because almost every argument in a criminal case may be restated in generic constitutional form . . . , a

'constitutional-argument exception' would vitiate most waivers of appeal and all waivers of collateral attack."); United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) (holding that appeal waiver prevented constitutional argument for resentencing when initial sentencing occurred prior to United States v. Booker, 543 U.S. 220 (2005)). Mistake in designating a defendant as convicted of a "crime of violence" isn't sufficient ground to ignore a knowing and voluntary waiver.

The other exceptions don't apply. The sentence was within the statutory maximum. Mr. Holiday was represented at the time he pled guilty and doesn't challenge his attorney's performance. Nothing suggests that Mr. Holiday signed onto an uncivilized procedure. This is enough to close the door on collateral review.

Mr. Holiday also argues that his claims fit into another exception rendering appeal waivers unenforceable: if enforcement works a "miscarriage of justice." *See, e.g.*, United States v. Grimes, 739 F.3d 125, 128-129 (3d Cir. 2014). Our court of appeals limits waiver exceptions to those just described, *see* United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014) (holding that the prior exceptions are "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver such as the one knowingly and voluntarily agreed to"), and has rejected attempts to circumvent waivers on grounds that developments in the law render a portion of the sentencing court's rationale unconstitutional, *see* Bownes, 405 F.3d at 636 ("By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."); United States v. McGraw, 571 F.3d

624, 631 (7th Cir. 2009) ("By entering into an appeal waiver that did not include an escape hatch of the kind we contemplated in *Bownes*, McGraw relinquished his right to challenge his sentence based on intervening Supreme Court decisions.").

Mr. Holiday cites to United States v. Valle-Villa, 485 F. App'x 142 (7th Cir. 2012), an unpublished order, for the proposition that the court of appeals is willing to apply a "miscarriage of justice" exception because the order cites to United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004) for the Tenth Circuit's "miscarriage of justice" exception. However, the "miscarriage" exception as defined in Hahn includes similar exceptions to those described previously: reliance on an impermissible factor such as race, ineffective assistance of counsel in connection with negotiation of the waiver, where the sentence exceeds the statutory maximum, and "where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327. For the last exception, Hahn explains that "the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *Id.* Citation to Hahn in no way implies that our court of appeals has adopted a broader "miscarriage" exception that goes beyond the narrow exceptions already described. Similarly, the court of appeals only cited to United States v. Teeter, 257 F.3d 14, 25 n.9 (1st Cir. 2001) for the narrow proposition that a waiver can be set aside when it's the product of "ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 967 (7th Cir. 2013).

Last, Mr. Holiday argues that there was no "meeting of the minds" in the negotiation of the waiver because neither party could have anticipated that the

9

Supreme Court would strike down the residual clause in Johnson. Bownes rejects this argument: "By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." Bownes, 405 F.3d at 636. Acceptance of a contract isn't undone simply because a party didn't anticipate how it might result in a loss.[2]

The court is sympathetic to Mr. Holiday's position. There is harm to an unlawful sentencing guideline. *See* Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011) ("The imposition [of an unlawful career offender status under the Guidelines] created a legal presumption that [the defendant] was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible."); United States v. Hurlburt, No. 14-3611, 2016 WL 4506717, at *6 (7th Cir. Aug. 29, 2016) (explaining how these guidelines "anchor" a judge's sentencing evaluation). Other courts might allow an implicit escape hatch from the waiver where the crime the defendant was convicted of or the sentencing guideline is unlawful. *See* United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001) (holding that waivers are presumptively valid but subject to exception where broader "miscarriage of justice" occurs); United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (same). Others wouldn't allow Mr. Robertson's attack even with a "miscarriage of justice" exception. *See* United

---

[2] Mr. Holiday cites Judge Boggs's Sixth Circuit opinion, which could be interpreted to allow a defendant to maneuver around the waiver on this issue. *See* United States v. McBride, 826 F.3d 293, 294-295 (6th Cir. 2016) (holding that defendant agreeing to career offender designation didn't waive a challenge to the designation under Johnson because "a defendant can abandon only *known rights*," so he "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing"). It's not clear that the rationale of this decision applies to appeal waivers and, even if it did, Bownes still binds this court.

10

States v. Johnson, 410 F.3d 137, 151-153 (4th Cir. 2005) (recognizing miscarriage exception but finding no exception where law changes in defendant's favor); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003) (holding that any sentence within statutory limit isn't miscarriage and citing Bownes); United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). In any event, an implicit escape hatch isn't the law that governs Mr. Holiday's case. United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005).

The government and Mr. Holiday adopted the waiver knowingly and voluntarily as understood by our precedent. No exceptions apply. Mr. Holiday is bound by the waiver and this court won't reach the merits of his argument.

## IV. Conclusion

Based on the foregoing, the court DENIES Mr. Holiday's § 2255 motion to vacate and correct his sentence [Doc. No. 50].

SO ORDERED.

ENTERED: October 6, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court

11