UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLIFTON VALENTIUS HOLIDAY, ) </br> ) </br> *Petitioner,* ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> *Respondent.* ) | Cause No. 3:16-cv-367 RLM </br> (Arising out of 3:14-cr-67) |

OPINION AND ORDER

Adam Holiday pleaded guilty to possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1). At sentencing, the court increased his base offense level based on its determination that his prior felony conviction for residential entry is a "crime of violence." U.S.S.G. §§ 2K2.1(a)(2), 4B1.2(a). Mr. Holiday challenged the sentence in a motion to vacate under 28 U.S.C. § 2255 based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015) that parallel language in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The court held that the waiver in Mr. Holiday's plea agreement barred his motion. He now requests a certificate of appealability under 28 U.S.C. § 2253(c)(2).

Issuance of a certificate of appealability requires the court to find that Mr. Holiday has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has done so.

Mr. Holiday's collateral attack failed under circuit precedent. He didn't show that the appeal waiver was uninformed or involuntary, that a collateral

attack was outside of its scope, that sentencing relied on a constitutionally impermissible factor, that his sentence exceeded the statutory maximum, or that his counsel provided ineffective assistance in negotiating the plea agreement. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (listing exceptions to an otherwise-valid appeal waiver). In United States v. Worthen, No. 15-3521 (7th Cir. Nov. 28, 2016), our court of appeals showed that it was willing to enforce an appeal waiver even in Johnson-based challenges to the constitutionality of a conviction.

Reasonable jurists might disagree. Even though United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) enforced the appeal waiver of a defendant given a within-guideline sentence before United States v. Booker, 543 U.S. 220 (2005), Bownes doesn't address whether a waiver is enforced if the guidelines that anchor the sentence are themselves invalid.[1] Outside developments in the law might encourage the appeals court to revise its interpretation of whether a defendant can ever waive rights unknown at the time of the waiver. *See* United States v. McBride, 826 F.3d 293, 294-295 (6th Cir. 2016) (holding that defendant agreeing to career offender designation didn't waive a Johnson-based challenge

---

[1] The court disagrees with Mr. Holiday's interpretation that Bownes allows flexible exceptions for later-determined due process violations because, as Mr. Holiday says, the listed exceptions are "all firmly rooted in the due process clause." Bownes explains that broad waivers "are effective even if the law changes in favor of the defendant after sentencing," Bownes, 405 F.3d at 636; *see* Keller, 657 F.3d at 681 (explaining that waivers are upheld unless one of the "limited exceptions" applies), and isn't based on the theory that appeal waivers can be circumvented for due process violations but not for other kinds of constitutional violations. The kind of exception that Bownes rejected was for a sentence imposed under the regime of binding sentencing guidelines that the Supreme Court rejected in Booker. The Court rejected this approach not just because it violated the Sixth Amendment but because due process requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." Booker, 543 U.S. at 230 (quoting In re Winship, 397 U.S. 358, 364 (1970)).

2

because "a defendant can abandon only *known rights*," so he "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing"). Mr. Holiday points to district court decisions discarding appeal waivers within circuits that recognize exceptions for a "miscarriage of justice," *see, e.g.*, United States v. Swerdon, No. 3:16cv313, 2016 WL 4988065 (M.D. Pa. Sept. 19, 2016), or constitutional challenge, *see, e.g.*, United States v. Hoopes, No. 3:11-cr-425-HZ, 2016 WL 3638114 (D. Or. July 5, 2016).

Based on the foregoing, the court GRANTS Mr. Holiday's motion for a certificate of appealability [Doc. No. 66] and issues a certificate of appealability with respect to the issue of whether a waiver of collateral attack in the plea agreement bars a challenge under Johnson v. United States, 135 S. Ct. 2551 (2015).

SO ORDERED.

ENTERED:   November 30, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court